[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12681
Non-Argument Calendar

_____

BIA No. A97-390-535

XIU JUAN ZHU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 19, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals ("BIA") adopted and affirmed an

Immigration Judge's ("IJ") decision ordering the removal of Xiu Juan Zhu, a native and citizen of China, and denying her asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Zhu now petitions this court for review of the BIA's decision. She contends that she is a refugee because she suffered economic persecution in China when her manager at the electrical equipment company where she was employed as a bookkeeper and accountant made her sign a document which made her wrongfully responsible for a loan of 500,000 RMB, i.e., committed an act of extortion, and she suffered a beating and detention by police after she reported what her manager had done. Zhu also asserts that the IJ erred in not finding her eligible for CAT relief because the Chinese police countenanced her manager's conduct by refusing to help her, which furthered her torture.

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, because the BIA expressly adopted the IJ's decision, we review the IJ's decision and the BIA's. See id. To the extent that the IJ's and the BIA's decisions were based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual

determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2245 (2005). We "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (internal quotation omitted).

## I.

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security and the Attorney General both have the discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A) (as amended by the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302-03). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

Neither the INA nor the regulations define "persecution." We have stated,

3

however, that "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and [that] mere harassment does not amount to persecution." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted). Moreover, an asylum applicant's persecution or well-founded fear of persecution must be because of, or on account of, one of the statutorily factors (listed above), such as political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992); see also Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) ("In order to demonstrate a sufficient connection between future persecution and the protected activity, an alien is required to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such a protected activity.").

The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b)(1), (2). To show that she has a well-founded fear of future persecution, an alien must demonstrate that (1) she fears persecution based on a protected ground, (2) there is a reasonable possibility that she will suffer persecution if removed to her native country, and (3) she is

4

unable or unwilling to return to that country because of such fear. 8 C.F.R. § 208.13(b)(2). Additionally, "an applicant must demonstrate that . . . her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289.

An IJ may grant withholding of removal if the IJ decides, that if returned to her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). The burden of proof is on the alien to show her eligibility for withholding of removal. 8 C.F.R. § 208.16(b). An alien is entitled to withholding of removal if she can establish, with specific and credible evidence: (1) a past threat to life or freedom through proof of past persecution on account of a protected ground, or (2) a future threat to life or freedom if it "is more likely than not" that the protected ground will cause future persecution. 8 C.F.R. § 208.16(b)(1), (2). Because this standard is more stringent than the "well-founded fear" standard for asylum, if an applicant is unable to meet the "well-founded fear" standard for asylum, she is generally precluded from qualifying for either asylum or withholding of removal. Al Najjar, 257 F.3d at 1292-93.

We conclude that substantial evidence supports the IJ's determination that Zhu failed to establish past persecution or a well-founded fear of future persecution based on her political opinion. Although Zhu testified that she was mistreated by

5

the police when she reported her manager's extortionate act, she has not articulated the nature of her political opinion that supposedly is the basis for her persecution, arguing only that the extortion and beating by the police appeared to be politically motivated. By her own testimony, Zhu's mistreatment resulted from her complaining to the police about the extortion and did not result from her political opinion. Even if we were to assume that the Chinese police mistreated Zhu because of her political opinion, or imputed a political opinion to her, the isolated incident of harassment by the police was not so menacing or extreme as to rise to the level of persecution. See Sepulveda, 378 F.3d at 1265. In addition, Zhu has offered no evidence that persons like her who are smuggled out of China are imprisoned upon their return. In sum, because Zhu has failed to show persecution or any nexus between her mistreatment in China and her political opinion, her asylum and withholding of removal claims fail. See Forgue, 401 F.3d at 1286.

II.

In order to obtain relief under the CAT, the burden is on the applicant to establish that it is "more likely than not" that she will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or

6

coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). In Sanchez v. U.S. Attorney General, we held that in order "[t]o demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture," and rejected the applicant's application because she presented no evidence on either point. 392 F.3d 434, 438 (2004). CAT relief carries a higher legal standard than asylum, and thus is very difficult to meet. Al Najjar, 257 F.3d at 1303.

Zhu failed to present evidence that it is "more likely than not" that the government of her removal country would torture her upon her return. She presented no evidence that, upon her return to China, the police would seek her out to punish her for complaining about her manager. Furthermore, Zhu offered no evidence that the Chinese government would torture her for leaving that country illegally before coming to the United States. In short, Zhu has not demonstrated her eligibility for CAT relief.

PETITION DENIED.